IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ARSENIO AGUILAR PASCUA, | ) | CIVIL NO. 14-00248 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR PAYMENT OF COSTS OF |
| vs. | ) ) | PREVIOUSLY DISMISSED ACTION, STAY PENDING PAYMENT, AND |
| OPTION ONE MORTGAGE CORPORATION, et al. | ) ) ) | DISMISSAL ABSENT PAYMENT BY COURT-IMPOSED DEADLINE |
| Defendants. | ) ) ) | |

**ORDER DENYING MOTION FOR PAYMENT OF COSTS
OF PREVIOUSLY DISMISSED ACTION, STAY PENDING PAYMENT,
AND DISMISSAL ABSENT PAYMENT BY COURT-IMPOSED DEADLINE**

**I.      INTRODUCTION.**

Defendants Homeward Residential, Inc., Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5, and Ocwen Loan Servicing, LLC (collectively, "Ocwen Defendants"), move for: (1) payment of costs of a previously dismissed action; (2) stay of this action pending payment; and (3) dismissal of this action absent payment by a deadline set by the court.[1]  The

---

[1] On August 4, 2014, Defendant Option One Mortgage Corporation, now known as Sand Canyon Corporation ("Sand Canyon"), filed a joinder in the Ocwen Defendants' motion. See ECF No. 14. Although Sand Canyon seeks a "substantive joinder," through which a party may seek for itself the same relief the movant seeks, such a joinder is not available to Sand Canyon because the request was not timely filed. Under Local Rule 7.9, a substantive joinder must be filed within seven days of the filing of the motion joined in. Because Sand Canyon failed to meet this deadline, it may not substantively join in the Ocwen Defendants' motion. However, even assuming Sand Canyon's substantive joinder had been timely filed, Sand Canyon would not be entitled to the relief sought for the same reasons that the

motion is denied.[2]

**II.    FACTUAL BACKGROUND.**

The Ocwen Defendants seek their costs from a previously dismissed action, Pascua v. Option One Mortgage Corporation, Civ. No. 13-00406 SOM/KSC ("Pascua I").[3]  ECF No. 11-1, PageID # 159-60.

On February 28, 2014, this court dismissed Plaintiff Arsenio Aguilar Pascua's Complaint in Pascua I for lack of subject matter jurisdiction.  Pascua v. Option One Mortgage Corporation, Civ. No. 13-00406 SOM/KSC, 2014 WL 806226 (D. Haw. Feb. 28, 2014).  Plaintiff had previously voluntarily dismissed Counts I and II of the Complaint, which asserted Fair Debt Collections Practices Act ("FDCPA") and Hawaii's Unfair Competition and Practices Act ("UDAP") claims.  Id. at *1.  In dismissing the Complaint for lack of subject matter jurisdiction,

---

court denies the Ocwen Defendants' motion.

[2] The court decides this matter without a hearing pursuant to Local Rule 7.2(d).

[3] Pascua I is one of several previously rejected actions containing nearly identical allegations and claims filed by Plaintiff's counsel, Robert L. Stone of Property Rights Law Group of Hawai'i, Inc.  See Dimitrion v. Morgan Stanley Credit Corp., No. 13-00125 DKW/BMK, 2014 WL 2439631 (D. Haw. May 29, 2014); Broyles v. Bank of Am., N.A., No. 13-00540 LEK/KSC, 2014 WL 1745097 (D. Haw. Apr. 30, 2014); Moore v. Deutsche Bank Nat. Trust Co., No. 13-00506 DKW/RLP, 2014 WL 1745076 (D. Haw. Apr. 30, 2014); Wegesend v. Envision Lending Grp., Inc., No. 13-00493 DKW/KSC, 2014 WL 1745340 (D. Haw. Apr. 30, 2014); Dicion v. Mann Mortgage, LLC, No. 13-00533 JMS/KSC, 2014 WL 1366151 (D. Haw. Apr. 4, 2014).

2

the court had before it only Count III of the Complaint, a quiet title claim. Id.

On May 28, 2014, Plaintiff filed a Complaint in this new action against the same parties he had sued in Pascua I. See ECF No. 1.

The Ocwen Defendants now seek $7,366.46 in fees and costs incurred in Pascua I under Rule 41(d) of the Federal Rules of Civil Procedure and this court's inherent power. ECF No. 11-1, PageID # 159. The Ocwen Defendants also seek a stay of this action pending payment and dismissal should payment not occur by a deadline imposed by this court. Id., PageID # 160.

**III.    ANALYSIS.**

Rule 41(d) of the Federal Rules of Civil Procedure states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
>    (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
>    (2) may stay the proceedings until the plaintiff has complied.

As the Ocwen Defendants appear to acknowledge in their reply memorandum, Rule 41(d) applies to actions that a plaintiff has *voluntarily dismissed*. See Hacopian v. U.S. Dep't of Labor, 709 F.2d 1295, 1297 (9th Cir. 1983). Because Pascua I was not

3

voluntarily dismissed, the Ocwen Defendants do not fit into the actual language of Rule 41(d).

This conclusion is unaffected by Plaintiff's voluntary dismissal of his FDCPA and UDAP claims in Pascua I prior to this court's February 28 order. Rule 41(d) of the Federal Rules of Civil Procedure, through use of both terms, appears to draw a distinction between a "claim" and an "action." Rule 41(d)'s use of the term "action" to describe what a plaintiff must have "previously dismissed" indicates that voluntary dismissal of some, but not all, claims prior to the involuntary dismissal of an action does not qualify a defendant for payment of costs incurred in that prior action pursuant to Rule 41(d).

In seeming recognition of the inapplicability of Rule 41(d), the Ocwen Defendants' reply memorandum, citing <u>Hacopian</u>, encourages this court to use its inherent power to condition proceedings in this action on Plaintiff's payment of costs from Pascua I. ECF No. 19, PageID # 309-10. The court declines to exercise its inherent power or its discretion in that manner. The Ocwen Defendants could have pursued their Pascua I costs in Pascua I itself. The filing of this new action might justify a request by Defendants for costs incurred in this action, but their requests for Pascua I costs, for a stay pending payment, and for dismissal of this new action absent payment are denied.

4

**IV.     CONCLUSION.**

The court denies the Ocwen Defendants' motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Pascua v. Option One Mortgage Corporation, et al., Civ. No. 14-00248 SOM/KSC; ORDER DENYING MOTION FOR PAYMENT OF COSTS OF PREVIOUSLY DISMISSED ACTION, STAY PENDING PAYMENT, AND DISMISSAL ABSENT PAYMENT BY COURT-IMPOSED DEADLINE